IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00435-CV

 

In re
John Steinbeck

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

            This mandamus proceeding is brought by
a distraught father acting as his own attorney trying to make his way through
the legal statutes and rules in an effort to do what he thinks is in the best
interest of his son.  He asks us to compel the trial court to do the following:


 Allow
 him to place his son into child therapy;


 


 Resume
 the October 30, 2008 hearing to modify the “temporary order;”


 


 Compel
 the mother of the child to comply with the “standing order” that thou
 shall not speak negatively to the child about the other parent; and


 


 Set
 a jury trial date for his case that has been on file for 8 years.


 

            The petition raises some questions
about why this proceeding has languished for so long in the system.  As the
Relator notes, this proceeding has been pending far longer than you would
expect, longer than the Texas Supreme Court’s guidelines for contested family
law cases, and longer than the trial court’s publicly stated goals would
suggest it would remain pending.  At this juncture, however, the Relator has
not presented us with a petition, a record, or legal issue upon which we can
grant relief.  It may be, however, that if the situation is not finalized, he
will be able to obtain some form of relief in the future.

            We begin by noting that the form of
the petition is woefully deficient.  It contains almost none of the elements of
a proper Petition for Writ of Mandamus.  Tex.
R. App. P. 52.  Neither it nor the record is properly verified.  Id. 52.3; 52.7.  Further, while the Relator provided a record that has some of the
documents needed to determine whether the Court should compel the trial court
to take action, it is inadequate in other respects.  In this regard, a copy of
the underlying live pleadings of the parties would be useful to see and
understand why the dispute may be more complex or why it has taken so long to
resolve.  Likewise, the principle complaint raised in this proceeding is that
the Relator would like to have the child visit a therapist that he considers
neutral and has no connection to the mother and to otherwise compel
modification of the temporary orders that they have apparently been operating
under for 8 years.  However, the temporary order is not part of the record that
has been filed with this Court.  Further, there is no reporter’s record for the
hearing that was started on October 30, 2008.

            These procedural deficiencies are not,
however, the reason that we are denying the Petition.  We would notify the
Relator of the deficiencies in the Petition and Record and allow him the
opportunity to correct them, if that was the only problem.  The problems for
the Relator are more substantive. 

            Petitioner filed a Motion to Modify
Temporary Orders on October 14, 2008, after apparently operating under those
orders for 8 years.  He obtained a hearing on the motion, albeit for only 20
minutes of evidence, on October 30, 2008.  At that time, the trial court recessed the hearing and it has not been resumed.  Upon these facts, even if
properly verified, we could not hold that the trial court has abused its
discretion in failing to timely resume the hearing.  Having waited 8 years to
seek to modify the temporary orders, without doing more to have the trial court
bring this matter to a conclusion than is revealed by this record, we cannot
conclude that the urgency is such that the trial court failed to timely proceed
to a disposition of this hearing and the related motion.  See In re Keeter,
134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding).  Accordingly, this
specific request for mandamus relief, item number 2 in his prayer—that we
compel the trial court to resume the October 30, 2008 hearing, is denied.

            Item 1 of Relator’s prayer, which is
that we compel the trial court to allow him to place his son in child therapy
[with a therapist of the Relator’s choosing], also must be denied.  The
petition indicates that the therapist the child is currently seeing is too
close to the mother to allow proper therapy.  But this is a contested issue to
be resolved by the hearing that has not been concluded and thus it would be
premature for us to compel a particular result, which we, nevertheless, do not
have the authority to grant.  When the trial court has not ruled on requested
relief, we are limited to compelling the trial court to make a ruling, not to
make a specific ruling.  See State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  Accordingly, this specific request
is denied.

            Likewise, item 3 in the Relator’s
prayer, that we compel the trial court to require the mother to comply with the
trial Court’s standing order, would require us to insert ourselves into a
pending hearing and compel a particular ruling by the trial court.  For the
reasons stated above, we do not have the authority to do this in this
proceeding.  Accordingly, this specific request is denied.

            Finally, the Relator asks that we
compel the trial court to set the matter for a jury trial date.  The problem
with this request, item 4 in his prayer for relief, is that there is no showing
that he has requested a setting and that it has been denied.  While the length
of time that this matter has been pending is very troubling, there is nothing
in this record to show that the delay has been the result of, or attributable
to, the trial court’s failure to set it for trial.  Accordingly, this specific
request is denied.

            Having denied each of the specific
requests for mandamus relief, the Relator’s petition is denied.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Petition denied

Opinion delivered and
filed January 21, 2009.

[CV06]